UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNDERIA S. MANSFIELD,<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWARK PUBLIC SCHOOL,**<br><br>**Defendant.** | Civ. No. 19-12418-KM<br><br>OPINION |

This matter comes before the Court on the motion of the defendant, Newark Public Schools (NPS) to dismiss the complaint for lack of jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (DE 11) Also pending is Ms. Mansfield's fifth motion for appointment of pro bono counsel. (DE 26)

The Complaint is brief. Under "Basis for Jurisdiction," the only allegation is a checked box next to "U.S. Government Plaintiff." (DE 1 at 2)

The Complaint identifies no cause of action, whether statutory or common law. The time frame is alleged to be "2010–present."

The "Facts" read, in their entirety, as follows:

Wrongful termination was forced upon me. I want to be rightfully compensated.

Newark Public Schools Wrongful Terminated Lynderia S. Mansfield.

Many employees saw/witnessed what happened. [Listing names of approximately 16 persons]

(DE 1 at 3–4) The injuries are described as "Wrongful Termination." The Relief demanded is "I want to be monetary compensated." (DE 1 at 4)

## I. Motion to Dismiss

### A. Applicable Standards

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003 (1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). In the case of a facial challenge, the standard applied is similar to that governing an ordinary Rule 12(b)(6) motion.

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Where, as here, the plaintiff sues *pro se*, the Court shall construe the allegations of the Complaint liberally. See *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

When deciding a motion to dismiss, a court generally confines its scrutiny to the pleadings. Nevertheless, items of which the court may take judicial notice—such as judicial opinions—may also be considered without converting the motion to one for summary judgment.

> [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201.

In particular, a court may consider a *res judicata* defense on a motion to dismiss, based on its judicial notice of prior court proceedings:

> The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. *Cf. Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir.1972) (res judicata may be raised in motion to dismiss prior to answer). Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n. 3 (3d Cir.1988).

*Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d Cir. 2008).

### B. Rule 12(b)(1) Motion for Lack of Jurisdiction

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996) (*Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 211 (D.N.J. 1992)). "Federal question jurisdiction exists if the action 'arises under' the 'Constitution, laws, or treaties of the United States.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing see 28 U.S.C. § 1331). Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

The existence of a federal question under 28 U.S.C. § 1331 is not pled in the Complaint. The alleged basis for federal jurisdiction—"U.S. Government Plaintiff"—is obviously frivolous. Ms. Mansfield is not a U.S. government official or agency. The body of the complaint does not cite any federal statute, rule, or case. It does not identify, even generally, any federal-law cause of action. "Wrongful termination" is not a federal-law cause of action.

Ms. Mansfield may intend to assert some state-law statutory or tort claim. The only potential basis for federal jurisdiction over such a state law claim would be diversity jurisdiction. See 28 U.S.C. § 1332(a). Neither diversity of citizenship nor an amount in controversy exceeding $75,000 is pled in the complaint. The plaintiff and defendant are not citizens of different states; Ms. Mansfield, apparently a citizen of New Jersey, sues the Newark, New Jersey public schools. (DE 1 at 1). The amount in controversy is not alleged to exceed $75,000. The Complaint therefore fails to plead facts establishing diversity jurisdiction.

Accordingly, because there is no federal question jurisdiction and no diversity jurisdiction, this court lacks subject matter jurisdiction over this matter and the Complaint must be dismissed.

### C. Rule 12(b)(6) Motion for Failure to State a Claim

In the alternative, I briefly consider whether the complaint states a claim. It does not.

#### 1. Deficient Pleading

First, the Complaint does not contain factual allegations sufficient to identify what allegedly occurred, why it is wrongful, and what the cause of action is. It merely asserts as a conclusion that Ms. Mansfield was terminated from her employment and that the termination was wrongful. That is not sufficient under the standards of *Twombly* and *Iqbal, supra.*

#### 2. Res Judicata

Second, the Complaint would clearly be barred by *res judicata*. Defendant's brief does not formally invoke *res judicata,* but it details prior State Court proceedings based on the same facts and claims, and argues that the plaintiff cannot keep relitigating claims that have already been decided. (Def. Brf. at 1) While the prior state court proceedings are not alleged in the Complaint, the defendant properly supports its description of them with citations to the State court case dockets. Those cases are properly relied on, not for their underlying facts, but for their existence and legal effect. *See* Section I.A, *supra.*

Ms. Lynderia was fired from the Newark Public School District following an investigation and charges of inappropriate physical contact and abusive behavior towards students. There was a full hearing in arbitration, and the arbitrator ruled against her. Ms. Lynderia filed a petition in State court to vacate the arbitration award, which was denied. She then sued the School District and various individuals, alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1 to –49 (LAD), violations of public policy, breach of contract, wrongful attempted discharge, tortious interference with an employment contract, retaliation, and violations of due process. The New Jersey Superior Court, Law Division, granted the defendants' motion to dismiss on grounds of collateral estoppel, because the same issues had been

decided against Ms. Mansfield in the arbitration. She appealed to the Appellate Division, which upheld the trial court's dismissal. *Mansfield v. Newark Pub. Sch.*, No. A-1704-16T1, 2017 WL 6095694, at *1 (N.J. Super. Ct. App. Div. Dec. 8, 2017).

Federal courts are directed to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, (1982) (construing 28 U.S.C. § 1738); *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 591 (3d Cir. 1989). New Jersey claim preclusion law, like federal law, has three essential elements: (1) a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 412, 591 A.2d 592, 599 (1991) (state law); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (federal law). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Watkins*, 124 N.J. at 412, 591 A.2d at 599.[1]

All three prerequisites are clearly met here. This is a suit based on the same facts, between the same parties, as to which an arbitrator and the state courts have entered a final judgment. It is barred by claim preclusion.

## II. Fifth Motion to Appoint Pro Bono Counsel

Ms. Mansfield was represented by counsel in the prior proceedings, but appears in this Court *pro se*. She has moved for appointment of *pro bono* counsel five times. The Court has entered three prior orders denying those applications. (DE 5, 12, 20) Ms. Mansfield has responded by simply refiling similar motions despite the lack of any significant intervening developments in the case. Now before the court is this, her fifth motion for appointment of *pro bono* counsel. (DE 26)

---

[1] I set aside issue preclusion and New Jersey's still-more-preclusive entire controversy rule.

I will not repeat my prior analysis of the applicable factors under *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).[2] Suffice it to say in addition that I have now ruled that the Court lacks jurisdiction to hear the case as presented, and in the alternative that the merits are wholly lacking. The motion for appointment of *pro bono* counsel is therefore denied.

## CONCLUSION

For the foregoing reasons, the motion (DE 11) of the defendant to dismiss the complaint for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is granted; the motion of the defendant in the alternative to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) is granted; and the plaintiff's fifth motion for appointment of pro bono counsel (DE 26) is denied. Particularly in light of the *res judicata* dismissal, amendment would be futile, and the dismissal is therefore entered with prejudice.

Dated: January 9, 2020

**KEVIN MCNULTY**
**United States District Judge**

---

[2] Pursuant to *Tabron*, district courts have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *Tabron* requires consideration of the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 57 n.5).